IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENNETH JAQUESS,

    Petitioner,

v.                                                                                                                    2:22-cv-409-RB-LF

HECTOR RIOS, and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Kenneth Jaquess's Motion seeking an extension to file a 28 U.S.C. § 2254 habeas corpus petition. Doc. 1. In the Motion, filed May 31, 2022, Petitioner states that he intends to file § 2254 petition but will not be able to do so by the statutory deadline which, he maintains, is May 21, 2022. *Id.* Having reviewed the matter under Habeas Corpus Rule 4, it appears that the one-year limitation period expired in August 2019. The Court will deny the Motion to the extent that it seeks a prospective extension of the deadline and allow Petitioner to file his claims on a § 2254 form and require him to show cause in writing why the Petition should not be dismissed for failure to file within the one-year limitation period.

I. **Procedural Background.**[1]

In May 2017, a jury found petitioner guilty of First Degree Criminal Sexual penetration of a Child under 13. *See State of New Mexico v. Kenneth Jaquess*, No. A-1-CA-36613, Docketing Statement. The state court entered its Judgment and Sentence on August 9, 2017, sentencing

---

[1] The Court takes judicial notice of Jaquess's state court criminal dockets, Case No. D-905-CR-2015-533; A-1-CA-36613 and S-1-SC-37026.  *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

Petitioner to 18 years in prison. *Id.* Petitioner filed an appeal to the New Mexico Court (NMCA), which affirmed the conviction in a Memorandum Opinion issued on April 3, 2018. *Jaquess*, No. A-1-CA-36613, Memorandum Opinion. He then sought a petition for a writ of certiorari from the New Mexico Supreme Court on May 3, 2018, which was denied on May 25, 2018. *See State v. Jaquess*, No. S-1-SC-37026. The state docket, to the extent the Court has access to it,[2] does not reflect that Petitioner filed a certiorari petition with the United States Supreme Court or pursued state habeas relief.

It therefore appears that the judgment became final for purposes of § 2244(d)(1)(A) after the ninety-day time limit for filing a petition for writ of certiorari from the United States Supreme Court passed—*i.e.*, on August 23, 2018. *See Locke v. Saffle*, 237 F.3d 1269, 1271 (10th Cir. 2001), as corrected (Feb. 22, 2001) ("[F]or purposes of § 2244(d)(1)(A), the judgment is not final and the one-year limitation period for filing for federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed."); *see* U.S. Sup. Ct. R. 13 (establishing a 90-day deadline from the date a judgment is entered by the state court of last resort to file a petition for a writ of certiorari).

II.     **Timeliness of the § 2254 Petition.**

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

---

[2] The Court has searched the New Mexico Secure Court Case Access website for the trial court's docket in case No. D-905-YR-2016-00001 (the state criminal case), but the search has not yielded results. *See* Doc. 4 at 8 (referencing the criminal case).

>	(1)	While a state habeas petition is pending, § 2244(d)(2);
>
>	(2)	Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);
>
>	(3)	Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or
>
>	(4)	Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, it appears the limitation period began to run no later than August 23, 2018, when the conviction became final. *See Locke*, 237 F.3d at 1271-1273. There was no discernable tolling activity during the next year, and the one-year period apparently expired on August 23, 2019. The Court cannot grant a prospective extension because the Motion was filed two years and nine months after the limitation period ostensibly expired. *See Ortiz-Hernandez v. United States*, No. 17-CR-3420 WJ-JHR, 2022 WL 1554744, at *2 (D.N.M. May 17, 2022) (declining to grant a prospective extension after the expiration of the limitation period); *see also Freeney v. United States*, 2022 WL 504173, at *1 (N.D. Tex. Feb. 18, 2022) ("[S]ection 2255 does not authorize a prospective extension of the statute of limitations."); *United States v. Nelson*, 2021 WL 3574869, at *1 (S.D. Miss. Aug. 11, 2021) (same); *Morey v. Titus*, 2018 WL 5315248, at *1 (D. Minn. Sept. 19, 2018) (same).

If Petitioner chooses to pursue habeas relief, he will be required to show that the petition is not time-barred. The failure to overcome the time-bar may result in dismissal of the habeas

action.  *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

### III.    Exhaustion Requirement.

It also appears that Petitioner has not exhausted his state habeas remedies.  "A habeas petitioner is generally required to exhaust state remedies" before obtaining relief under § 2254.  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  "'Fair presentation,' in turn, requires that the petitioner raise in state court the 'substance' of his federal claims."  *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).  "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief."  *Williams v. Trammell*, 782 F.3d at 1210; *Fairchild v. Workman*, 579 F.3d 1134, 1149 (10th Cir. 2009).  The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).  If Petitioner chooses to file a § 2254 petition, he will be required to show that he has satisfied the exhaustion requirement.

**IT IS THEREFORE HEREBY ORDERED** that:

(1)    The Motion (Doc. 1) is **DENIED**.

(2)    If Petitioner wishes to pursue habeas relief under § 2254, he must file a proper

habeas petition within thirty days of entry of this Memorandum Opinion and Order. The petition must address the statute of limitations issue as well as the exhaustion of state court remedies discussed herein.

(3) Petitioner's failure file a proper habeas petition addressing timeliness and exhaustion may result in dismissal of this action without further notice.

**SO ORDERED**.

_____
HONORABLE LAURA FASHING
United States Magistrate Judge